<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE KARAS, <br><br> Plaintiff, <br><br> v. <br><br> SPENCER B. ROBBINS, ROBBINS AND ROBBINS LLP, MARK ROTHMAN, MICHAEL BENHAYON, individually and as agent for or employee of Guaranteed Subpoena Inc., GUARANTEED SUBPOENA Inc., RALPH PIETERSEN, REGINA PIETERSON, jointly, severally, and in the alternative, J.A.P. WILLIAM P. GILROY, J.S.C., individually, J.S.C. LOUIS F. LOCASCIO, individually, A.J.S.C. LAWRENCE M. LAWSON, individually, A.J.S.C. EUGENE D. SERPENTELLI, individually, J.S.C. JOHN A. PETERSON, individually, and NEW JERSEY STATE BAR ASSOCIATION, <br><br> Defendants. | Civ A. No. 08-5264 (SRC) <br><br> **OPINION** |

**<u>Chesler, U.S.D.J.</u>**

This matter comes before the Court on the following motions: motions to dismiss filed by Defendants Ralph and Regina Pietersen ("the Pietersens"), Robbins and Robbins LLP, Spencer B. Robbins and Mark Rothman (collectively, the "Robbins Defendants") [Docket Entry No. 10] and by Defendants William P. Gilroy, J.A.D., Lawrence M. Lawson, A.J.S.C., Louis F. Locascio,

J.S.C., John A. Peterson, J.S.C. and Eugene D. Serpentelli, A.J.S.C. (collectively, the "Government Defendants") [Docket Entry No. 49]; motions filed by Plaintiff Elaine Karas for default judgment [Docket Entry Nos. 23, 24 and 25] and for sanctions [Docket Entry Nos. 24 and 25]; and a cross motion filed by Defendant Guaranteed Subpoena, Inc. ("Guaranteed Subpoena") to set aside entry of default and to file a motion to dismiss out of time [Docket Entry No. 42]. For the reasons set forth below, the Court will grant the Defendants' motions to dismiss, deny the motions filed by Plaintiff for default judgment and for sanctions, and grant the cross-motion to set aside entry of default and to file a responsive motion or otherwise answer out of time.

**I.    Background**

This case arises out of a dispute over a lease contract between Plaintiff, a landlord, and the Pietersens, Plaintiff's tenants. The terms of the lease contract were allegedly violated by Plaintiff's failure to return the Pietersens' security deposit. This dispute was previously the subject of a lawsuit, originally captioned <u>Pietersen, et al., v. Karas</u>, Docket No. Mon. L-1011-03, filed on February 28, 2003 by the Pietersens against Plaintiff in the Superior Court of New Jersey, Monmouth County, Law Division. The Pietersens moved on April 25, 2003 for the entry of default judgment against Plaintiff, which was granted on May 19, 2003. Subsequent to the entry of default, Plaintiff contacted the presiding judge, Defendant William P. Gilroy, J.S.C., to complain that default had been entered against Plaintiff without her knowledge of the pendency of the Pietersen lawsuit. Defendant Judge Gilroy sent Plaintiff a copy of the Complaint and scheduled a proof hearing to determine the amount of the default judgment. Plaintiff requested an adjournment of the proof hearing, which was granted by Defendant Judge Gilroy on August 13, 2003. Pursuant to a September 29, 2003 hearing, Defendant Judge Gilroy found that Plaintiff had not been properly served by the Pietersens with a copy of the summons and

complaint and he, therefore, vacated the default against Plaintiff and directed her to file a responsive pleading within thirty five days.  Plaintiff subsequently answered the complaint on November 3, 2003.

On August 27, 2004, Plaintiff wrote to Defendant Spencer Robbins ("Robbins"), the attorney representing the Pietersens in the state court action, regarding, *inter alia*, outstanding discovery issues and to request a sixty-day extension of discovery.  Plaintiff suggested that Defendant Robbins fax a letter to the court memorializing the agreement between the parties to extend discovery.  Robbins did so and the court subsequently entered an order extending the deadline for completing discovery to October 28, 2004.  On October 9, 2004, Plaintiff sent a letter to Defendant Judge Gilroy alleging that Judge Gilroy had failed to act in an impartial manner in the case before him and requested that Judge Gilroy recuse himself from the matter.  By letter dated October 18, 2004, Defendant Judge Gilroy responded to Plaintiff's letter by reminding Plaintiff that she should not communicate with the court *ex parte* and informing Plaintiff that he was recusing himself from the case.  The letter stated that the Honorable Louis F. Locascio, J.S.C., named by Plaintiff as a Defendant in the action before this Court, would preside over all pretrial motions and trial in the action.  In January 2005, Plaintiff wrote to Defendants Judge Gilroy, Judge Locascio, Judge Lawrence M. Lawson, Assignment Judge for the Superior Court, Monmouth County, Law Division, and others, to assert that Judge Gilroy had engaged in unethical behavior and criminal wrongdoing by, among other allegations, conspiring with the Pietersens and Robbins to favor them to the detriment of Plaintiff.  In response, Defendant Judge Lawson wrote to Plaintiff on March 28, 2005 to advise her that he found that Judge Gilroy had done nothing improper in presiding over Plaintiff's action.

More than a year later, on October 4, 2006, Plaintiff moved to dismiss the Pietersens' complaint for failure to provide adequate discovery.  The court scheduled oral argument on the motion to dismiss for October 20, 2006, but the motion date was adjourned when the court was informed by Defendant Robbins that the Pietersens and/or their counsel had not received a copy of Plaintiff's motion to dismiss.  Before the motion to dismiss was heard, Defendant Judge Lawson issued an order dated November 22, 2006 transferring the case from the Superior Court, Monmouth County, Law Division, to the Superior Court, Ocean County, Law Division based on allegations made by Plaintiff of improper behavior by Defendants Judge Gilroy, Judge Locascio and Judge Lawson.  Upon receipt of the case in the Ocean Vicinage, Defendant Judge Eugene D. Serpentelli, Assignment Judge for the Superior Court, Ocean County, Law Division, assigned the case to Defendant Judge John A. Peterson, J.S.C.  Judge Peterson subsequently scheduled Plaintiff's motion to dismiss for oral argument on January 5, 2007.  Plaintiff received notice of oral argument from the court, but chose not to attend the motion hearing because, *inter alia*, she believed that the transfer of venue from the Monmouth Vicinage to the Ocean Vicinage was improper and that the court should not have considered the Pietersens' allegedly "time-barred" opposition to the motion. On January 5th, with Plaintiff absent, Judge Peterson entered an Order denying without prejudice Plaintiff's motion to dismiss.  Subsequent to the court's denial without prejudice of Plaintiff's motion to dismiss, the Office of Civil Case Processing for the Ocean Vicinage scheduled a February 20, 2007 settlement conference.  Plaintiff failed to appear at the scheduled settlement conference.  The Office of Civil Case Processing then scheduled a trial date for March 19, 2007 and noticed all parties of the date.  On March 19th, the Pietersens and Robbins appeared for trial but Plaintiff again failed to appear before the court.  Based on

Plaintiff's failure to appear and the Pietersens' prayer for relief, on March 23, 2007 Judge Peterson ordered an entry of default against Plaintiff and in favor of the Pietersens.  On May 18, 2007, Judge Peterson granted the Pietersens' request for an Order of Judgment against Plaintiff in the nature of $12,338.20 in damages and $1,353.96 in prejudgment interest and costs in favor of the Pietersens and $21,244.95 in attorney fees and costs in favor of Defendant Robbins & Robbins LLP.

On October 22, 2008, Plaintiff filed a Complaint in this Court, alleging that the Defendants conspired to deprive her of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action. (See Docket Entry No. 1.)  On February 18, 2009, Plaintiff filed an Amended Complaint in which she asserts various allegations of improper, unethical and criminal behavior by the Government Defendants, who allegedly accepted bribes and kickbacks in conspiring to violate her Constitutional rights by favoring the Defendants in adjudicating the state court action, and similar behavior by the Robbins Defendants and Guaranteed Subpoena, who allegedly conspired with the state court judges to deprive her of her rights.  (See First Amended Complaint; Docket Entry No. 2.)  Both the Government Defendants and the Robbins Defendants have moved to dismiss the Amended Complaint.  The Government Defendants move to dismiss the claims asserted against them as being barred by the Rooker-Feldman abstention doctrine, the Eleventh Amendment and the doctrine of absolute judicial immunity.  (See Brief in Support of Government Defendants' Motion to Dismiss (hereinafter "Government Br."), Docket Entry No. 49.)  The Government Defendants also contend the their motion to dismiss should be granted because the Defendant judges are not "persons" who may be held liable under 28 U.S.C. §§ 1981, 1983, 1985, 1986 and

1988. (Id.) Meanwhile, the Robbins Defendants contend that this Court should dismiss the claims asserted against them because (i) Plaintiff failed to effect proper service of the Summons and Complaint upon the Defendants, (ii) the Amended Complaint fails to state a claim upon which relief may be granted, (iii) Plaintiff has failed to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8, Rule 9(b) and Rule 10, and (iv) because the claims asserted by Plaintiff are barred by the applicable limitations period. (See Brief in Support of Robbins Defendants' Motion to Dismiss (hereinafter "Robbins Br."), Docket Entry No. 11.)

## II.     Standard of Review

### A.     *Pro Se* Standard of Review

Plaintiff proceeds *pro se* in this action. It is well settled that a *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* complaint should be dismissed at this stage of the litigation only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir.1996) (quoting Haines, 404 U.S. at 520).

### B.     Motion to Dismiss Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. "A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007). Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering a motion to dismiss for

lack of jurisdiction pursuant to 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

  C. Motion to Dismiss Under Rule 12(b)(6)

  In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

  Plaintiffs' claims will be reviewed pursuant to "Federal Rule of Civil Procedure 8(a)(2)[, which] requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief[]' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 589 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)). And while a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

      D.      Pleading Requirements of Rule 9(b)

Plaintiff asserts claims based on numerous allegations of fraud, which are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged" in order to give them an opportunity to respond meaningfully to the complaint, "and to prevent false or unsubstantiated charges." Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (citing Seville Indust. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)). To satisfy Rule 9(b), a plaintiff must

"plead with particularity the 'circumstances' of the alleged fraud." Rolo, 155 F.3d at 658. Plaintiffs need not "plead the 'date, place or time' of the fraud, so long as they use an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Id. (citing Seville, 742 F.2d at 791).

**III.     Discussion**

The Government Defendants and the Robbins Defendants, under different rationale, separately move to dismiss the claims asserted by Plaintiff.  Plaintiff has moved for default judgment and for sanctions against various Defendants.  In addition, Defendant Guaranteed Subpoena Inc. moves to set aside entry of default and for leave to file a responsive motion or otherwise answer out of time.  Beginning with the Government Defendants' motion to dismiss, the Court addresses each motion in turn.

A.     The Government Defendants' Motion to Dismiss

As a primary matter, the Government Defendants move to dismiss the claims asserted by Plaintiff based on the argument that Plaintiff's claims are barred by the Rooker-Feldman doctrine, the Eleventh Amendment and the doctrine of absolute judicial immunity.  Plaintiff asserts that the Government Defendants, acting in their respective roles as Superior Court Judges for the State of New Jersey, conspired with each other and with the Robbins Defendants to deprive Plaintiff of certain constitutional rights.  (See Amended Complaint at 3.)  Specifically, Plaintiff alleges that the Government Defendants accepted bribes from the Robbins Defendants in exchange for judicial acts that favored the Robbins Defendants in the state court action involving Plaintiff and the Pietersens.  Moreover, Plaintiff alleges that the Government Defendants furthered the purported bribery and conspiracy against Plaintiff by routinely engaging

in ex parte communications with the Robbins Defendants and by falsifying and tampering with judicial files and court records. (Id. at 7, 10-13, 16-21.) Plaintiff claims that the Robbins Defendants were both complicit in the alleged conspiracy, and aided and abetted the Government Defendants in impinging upon Plaintiff's rights at each step of the process. (Id.)

Based on a careful reading of the Amended Complaint, the Court concludes that those claims asserted by Plaintiff against the Government Defendants are barred by the Rooker-Feldman Doctrine. The Rooker-Feldman Doctrine bars a state court losing party from seeking appellate review in the federal courts and circumscribes the appellate jurisdiction of the lower federal courts. The Doctrine is based on "the well settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Assocs. Pshp. v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000). Rooker-Feldman bars a federal proceeding when "entertaining the federal court claim would be the equivalent of an appellate review" of the state judgment. FOCUS v. Alleghany County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). In short, "Rooker-Feldman applies ... when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." Id. In application, the Court must decline to hear a cause of action "if the claim was 'actually litigated' in state court prior to the filing of the federal action ... or if the claim is inextricably intertwined with [the] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Desi's Pizza, 321 F.3d at 419 (citations omitted). The Supreme Court has cautioned that Rooker-Feldman should be confined to "cases of the kind from which the doctrine acquired its name: cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Turning to the claims asserted by Plaintiff in the instant action, it is clear that the gravamen of Plaintiff's Complaint and the claims asserted therein relate wholly and inextricably to the state court action involving the landlord-tenant dispute between Plaintiff and the Pietersens. Plaintiff asserts that the actions of the Defendant state court judges, in reaching decisions and issuing in orders adverse to her interests in the state court action, violated her constitutional rights. While Plaintiff claims that her alleged injuries "derive from an injury distinct from the State judgment itself," a plain reading of the Complaint and the relief sought therein suggests otherwise. (Complaint at 3.) Indeed, in determining whether the Rooker-Feldman Doctrine applies to a claim, a court should examine the nature of the relief sought by Plaintiff. See Valenti v. Mitchell, 962 F.2d 288, 297 (3d Cir. 1992). Plaintiff seeks, *inter alia*, a "declaratory judgment that the 11/22/08 transfer order of [Judge] Lawson [is] unconstitutional *per se* and [an] Order [] vacating all legal instruments that follow from it[,]" a "declaratory judgment that the entire lower court lawsuit was unconstitutional *per se*," and a "declaratory judgment that the policies, practices, and acts complained of herein are illegal and unconstitutional." (Complaint at 30.) Plaintiff's claims are clearly "inextricably intertwined" with the state court matter. Desi's Pizza, 321 F.3d at 419. A federal claim is "inextricably intertwined" with a prior state adjudication if that federal claim "succeeds only to the extent that the state court wrongly decided the issues before it." FOCUS, 75 F.3d at 840. Assuming, *arguendo*, that Plaintiff prevailed upon her claims in this Court, the resulting decision "would

effectively reverse the state decision or void its ruling." Id.  The New Jersey state court landlord-tenant action and the decisions made therein are the very basis for the commencement of Plaintiff's federal court action.  A ruling by this Court in favor of Plaintiff would have the effect of overruling and/or vacating the orders and judgments rendered by the state court judges during the course of the state court action.  Plaintiff presents no argument why she was procedurally unable to assert her allegations of fraud and bribery in the prior state court action or through the state court appellate process.  Because "Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court for enforcing its orders[,]" Plaintiff's claims against the Government defendants are clearly barred and will be dismissed with prejudice.[1]  Desi's Pizza, 321 F.3d at 422.

      Similarly, to the extent that Plaintiff seeks money damages against the Government Defendants, her claims are clearly barred by the doctrine of absolute judicial immunity.  "It is a well-settled principle of law that judges are generally immune from a suit for money damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quotations omitted); see also Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).  Judges are immune from suit "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa, 208 F.3d at 440 (quoting Stump v. Sparkman, 435 U.S. 349,

---

[1] Plaintiff additionally seeks a "a reporting by Federal judiciary of [Defendants'] respective wrongful conduct to the [U.S.] Attorney for prosecution[,]" and Order from this Court "mandating disciplinary action with referral to proper licensing agencies[,]" and an "Order to the proper agency for a State-wide investigation of records that might reasonably lead to the uncovering of other legal community perpetrators of the kind of illegal conduct described herein...." (Complaint at 30.)  The Court is without the authority to order the Office of the United States Attorney, the New Jersey State Bar Association or other agencies to provide the requested relief.

355- 57 (1978)). Thus, a judge is subject to civil liability only where the judge has engaged in "non-judicial acts" or in the "clear absence of all jurisdiction." D'Alessandro v. Robinson, 210 F. Supp. 2d 526, 530 (D. Del. 2002).  Courts must look to two distinctive features in deciding whether an act is judicial in nature: (1) "the nature of the act, i.e., whether the act is a measure normally performed by a judge," and (2) "the expectations of the parties, i.e., whether the parties dealt with the judge in his individual capacity." Id.

Turning to the facts alleged by Plaintiff, it is clear that the Government Defendants are immune from suit based on the doctrine of absolute judicial immunity.  Among the illicit acts allegedly undertaken by the state court judges, all were of the nature normally performed by judges.  Plaintiff alleges that the judges perpetrated the alleged fraud and conspiracy by, *inter alia*, holding proof hearings, adjourning proceedings and transferring her case from one corrupt judge to the next.  Each and every one of these actions was judicial in nature.  Moreover, it is clear that Plaintiff and the Robbins Defendants, in their dealings with the Government Defendants during the course of the state court action, presumed that the judges were acting in their official, rather than individual, capacities.  Notably, Plaintiff does not dispute this.  As such, the actions of the Government Defendants are protected the doctrine of judicial immunity.[2]

---

[2] The Government Defendants also move to dismiss the Complaint on the grounds that Plaintiff's claims are barred by the Eleventh Amendment. (Government Br. at 12.)  While the allegations against the state judges are clearly the barred by the Rooker-Feldman Doctrine and the doctrine of absolute judicial immunity, the Court, nonetheless, notes that the Eleventh Amendment is not an additional bar to Plaintiff's claims.  For one thing, judges are not afforded Eleventh Amendment immunity where, as here, they are sued in their individual capacities for money damages. See Antonelli v. New Jersey, 310 F. Supp. 2d 700, 714 (D.N.J. 2004) (citing Hafer v. Melo, 502 U.S. 21 (1991)).  Moreover, Plaintiff seeks certain forms of equitable relief to remedy allegations that the Government Defendants violated her constitutional rights and deprived her of due process in entering the outstanding judgment against her and in favor of the Pietersens.  In general, the Eleventh Amendment does not preclude prospective equitable relief

Therefore, even accepting the allegations made in the Complaint as true, Plaintiff would not be entitled to relief under the facts alleged and her claims against the Government Defendants must be dismissed.

      B.      <u>The Robbins Defendants' Motion to Dismiss</u>

The Robbins Defendants move to dismiss the claims asserted against them in the Complaint on several grounds: (1) Plaintiff has failed to properly effect service of the summons and Complaint upon Defendants; (2) the allegations in the Complaint are sufficiently vague and nonspecific as to make out plausible grounds for relief; (3) the allegations in the Complaint do not meet the pleading requirements of Federal Rules of Civil Procedure 8, 9(b) and 10; and (4) the claims asserted by Plaintiff are barred by the applicable limitations period. (Robbins Br., Generally.) Because this Court finds that the Complaint does not state any valid claim for relief and does not accord with the pleading requirements prescribed by the Federal Rules, it need not reach Defendants' other arguments.

In order to state a claim upon which relief may be granted, the Supreme Court has stated that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 589 (internal citations

---

against a state officer to remedy an ongoing violation of federal law. <u>See</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 278 (1986).

omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost, 1 F.3d at 183 (quotations omitted).  And while a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse, 132 F.3d at 906.

Even accepting all of the allegations contained in the Plaintiff's Complaint as true, which it must, and recognizing that Plaintiff proceeds *pro se*, the Court is left with no choice but to dismiss the Complaint based on the absolute absence of any factual support for the claims asserted by Plaintiff.  On nearly every page of the Complaint, Plaintiff makes allegations of bribery against state judges and officers of the court, allegations of numerous conspiracies to commit fraud involving no less than eight co-conspirators, and claims regarding the deprivation of Plaintiff's civil rights and of violations of the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments.  Yet the common thread underlying all of these claims is that they are entirely unsubstantiated and completely unsupported by facts.  Rather than detailing facts to support Plaintiff's allegations against the Robbins Defendants, the Complaint reads like a series of conclusory aspersions cast without any factual heft.  Plaintiff utterly fails to plead that any defendant conspired with someone, under the color of law, to deprive Plaintiff of her Constitutional rights.  Moreover, in the few instances where Plaintiff specifically enumerates the elements of her claims, she, nonetheless, fails to offer anything more than conclusory allegations to support her claims.  See Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Furthermore, Rule 9(b) establishes a more stringent pleading requirement for Plaintiff's claims sounding in fraud in

order to "prevent false or unsubstantiated charges[]" of fraud. Rolo, 155 F.3d at 658; See Fed. R. Civ. P. 9(b). Yet, the allegations of fraud contained in the Complaint suffer from the same deficiency of factual pleading as the rest of Plaintiff's allegations.

Plaintiff simply has not pled any colorable federal claims. Because the Plaintiff has failed to state any viable claim for which relief may be granted against the Robbins Defendants, the Court will dismiss the Complaint. The Court will, however, grant Plaintiff leave to replead with the strict proviso that the allegations contained in the Complaint must comport with the specificity required by Rule 8 and Rule 9(b) and the caselaw construing these rules. Unlike Plaintiff's First Amended Complaint, the allegations in an amended Complaint must be based on more than supposition and conjecture. In short, the Court will not look kindly upon alleged conspiracies in which the complaint, as here, merely asserts lurid conclusions as opposed to factual contentions which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

C.  Plaintiff's Motions for Default Judgment and for Sanctions

Plaintiff has moved for sanctions pursuant to Federal Rule of Civil Procedure 11 against Deputy Attorney General Jill H. Powers, counsel for the Government Defendants, and against Spencer B. Robbins, an individual Defendant and counsel for the Robbins Defendants. Plaintiff also seeks entry of default judgment against the Government Defendants, the Robbins Defendants and Guaranteed Subpoena pursuant to Federal Rule of Civil Procedure 55. The Court will deny these motions.

Rule 11 imposes an affirmative duty on an attorney and/or a party to conduct a reasonable

inquiry into the factual and legal bases of all claims before filing any document with the court. Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994). In relevant part, Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

FED. R. CIV. P. 11(b)(1)-(2).

The Rule is "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). In determining whether a party or attorney has violated the duties of Rule 11, the Court must apply an objective standard of reasonableness under the circumstances. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 92 (3d Cir.1988); see also Brubaker Kitchens, Inc. v. Brown, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.").

The Court will deny Plaintiff's motion for Rule 11 sanctions against Ms. Powers. Aside from the fact that Plaintiff failed to comply with the strict procedural requirements for imposing Rule 11 sanctions (see In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (denying Rule 11 motion where movant failed to observe safe harbor period as prescribed by Fed. R. Civ. P. 11(c)(2))), the filing by Ms. Powers of a waiver of formal service on behalf of the Government Defendants in accordance with Federal Rule of Civil Procedure 4(m) was completely reasonable under the circumstances. In addition, the Court denies Plaintiff's motion for Rule 11 sanctions against Spencer B. Robbins, Esq., counsel for the Robbins Defendants. In her brief in support of Rule 11 sanctions, Plaintiff recites a litany of accusations of fraud allegedly perpetrated by Mr. Robbins. (See Pl. Brief in Support of Rule 11 Sanctions; Docket Entry No. 24). Yet none of those accusations are based in law and none are supported by facts. Rather, Plaintiff's allegations against Mr. Robbins and in support of her sanctions motion are wild conjecture. Therefore, Plaintiff's motions for Rule 11 sanctions against Ms. Powers and Mr. Robbins will be denied.

Plaintiff's motions for default judgment against the Government Defendants and the Robbins Defendants, including Guaranteed Subpoena, Inc., are likewise denied. There is nothing in the record conclusively indicating to the Court that Plaintiff is entitled to entry of default against the Government Defendants and/or the Robbins Defendants. Rather, there is a dispute as to whether proper service was effected upon any of the Defendants in this action. Based on the foregoing, and because default judgments are generally disfavored, the Court denies Plaintiff's motions for default judgment. See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

D.  <u>Defendant Guaranteed Subpoena's Motion to Vacate Entry of Default</u>

Plaintiff has also filed a motion for default judgment against Defendant Guaranteed Subpoena, Inc. Defendant Guaranteed Subpoena has filed a cross-motion to set aside the Clerk's entry of default and for leave to file a responsive motion or otherwise answer out of time. The Clerk of the Court previously entered a default against Guaranteed Subpoena on March 30, 2009.

It is well settled that the Court of Appeals for the Third Circuit "does not favor entry of defaults or default judgments." <u>United States v. $55,518.05 in U.S. Currency,</u> 728 F.2d 192, 194-95 (3d Cir. 1984). A motion for the entry of a default judgment is left primarily to the discretion of the district court. <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951). The Court will deny Plaintiff's motion for default judgment against Defendant Guaranteed Subpoena because service of the First Amended Complaint was never properly effectuated upon Guaranteed Subpoena pursuant to Fed. R. Civ. P. 4(m) within the 120 day period prescribed by the Federal Rules. Moreover, based on the foregoing, the Court will grant the cross-motion filed by Guaranteed Subpoena to vacate the Clerk's entry of default. In reviewing a motion to set aside an entry of default, the court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 73 (3d Cir.1987). Taking these factors into account, the Court perceives no prejudice to Plaintiff in vacating the Clerk's entry of default. In addition, Guaranteed Subpoena asserts several viable defenses for their purported failure to timely answer, including that they were not properly served with a copy of the summons and the First Amended Complaint. In the event that a defendant is

not properly served with a summons and complaint, any failure to timely answer is clearly excusable. Therefore, the Clerk's entry of default was improvidently granted and the Court will grant Guaranteed Subpoena's motion to vacate the default. Further, based on the foregoing, Guaranteed Subpoena will be permitted to file a responsive motion or otherwise answer out of time.

**IV.  Conclusion**

For the reasons stated above, the motions to dismiss filed by the Government Defendants and the Robbins Defendants will be granted and the Complaint will be dismissed with prejudice. The Court grants Plaintiff leave to replead her claims against the Robbins Defendants, but only to the extent that Plaintiff complies with the strict pleading requirements of Federal Rule of Civil Procedure 8 and 9(b). Plaintiff's motions for sanctions against Jill H. Powers and Spencer B. Robbins will be denied and Plaintiff's motions for default judgment against the Government Defendants, the Robbins Defendants and Guaranteed Subpoena, Inc. will, likewise, be denied. Defendant Guaranteed Subpoena's cross-motion to vacate the March 30, 2009 Clerk's entry of default and for leave to file a responsive motion or otherwise answer will be granted in its entirety. An appropriate Order follows this Opinion.

      s/ Stanley R. Chesler  
      Stanley R. Chesler,  
      United States District Judge

Dated: September 8, 2009