NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ELAINE KARAS,                       :
                                    : Hon. Stanley R. Chesler, U.S.D.J.
                                    : Civ. A. No. 08-CV-05264
        Plaintiff,                  :
                                    : **OPINION**
            v.                      :
                                    :
SPENCER A. ROBBINS, ESQ.            :
et al.,                             :
                                    :
        Defendants.                 :
_____:

**CHESLER, District Judge**

This matter comes before the Court on the application of Plaintiff Elaine Karas to recuse the Court (docket item #65). Defendants have opposed this motion (docket item #67). After consideration of the parties' briefing, the Court has determined that Plaintiff's motion to recuse this Court is denied. In the following discussion, the Court gives its reasons for the decision.

**I.    BACKGROUND**

Based upon the pleadings and briefs presented by the parties, it appears that this case originated because of a dispute over a lease between Plaintiff, Elaine Karas, and Plaintiff's tenants. This dispute was previously the subject of a lawsuit, originally captioned Pietersen, et al., v. Karas, Docket No. Mon. L-1011-03, filed on February 28,

2003 by the tenants against Plaintiff in the Superior Court of New Jersey, Monmouth County, Law Division. The tenants moved on April 25, 2003 for the entry of default judgment against Plaintiff, which was granted on May 19, 2003. Pursuant to a September 29, 2003 hearing, Defendant Judge Gilroy found that Plaintiff had not been properly served by the tenants with a copy of the summons and complaint and he, therefore, vacated the default against Plaintiff and directed her to file a responsive pleading within thirty five days. Plaintiff subsequently answered the complaint on November 3, 2003.

More than a year later, on October 4, 2006, Plaintiff moved to dismiss the tenants' complaint for failure to provide adequate discovery. The court scheduled oral argument on the motion to dismiss for October 20, 2006, but the motion date was adjourned when the court was informed that the tenants had not received a copy of Plaintiff's motion to dismiss. Before the motion to dismiss was heard, Defendant Judge Lawson transferred the case to Judge Peterson of the Superior Court, Ocean County, Law Division based on allegations made by Plaintiff of improper behavior by Defendants Judge Gilroy, Judge Locascio and Judge Lawson. On January 5th, with Plaintiff absent, Judge Peterson entered an Order denying without prejudice Plaintiff's motion to dismiss. The Office of Civil Case Processing then scheduled a trial date for March 19, 2007 and noticed all parties of the date. Based on Plaintiff's failure to appear, Judge Peterson ordered an entry of default against Plaintiff and in favor of the tenants.

On October 22, 2008, Plaintiff filed a Complaint in this Court, alleging that the Defendants conspired to deprive her of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action (docket item #1). On September 9, 2009, this Court dismissed claims against various Defendants,

denied Plaintiff's motion for sanctions and motion for default judgment. Plaintiff claims that the undersigned is not impartial and thereby must be removed from this action.

II. Recusal Pursuant to 28 U.S.C. § 455(a) or 28 U.S.C. § 144

Title 28 U.S.C. § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The other applicable recusal statute, Title 28 U.S.C. § 144, provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."[1] Under 28 U.S.C. § 455(a), it is not the case that a judge should recuse himself where, in his opinion, sitting would be inappropriate. The correct inquiry is whether the judge's impartiality has been reasonably questioned. Blanche Rd. Corp. v. Bensalem Township, 57 F.3d 253, 266 (3d Cir. 1995). An alternative means of recusal is governed under Title 28 U.S.C. § 144, which enables recusal upon timely submission of an affidavit and supporting certificate of good faith. Here, Plaintiff has submitted both an affidavit and accompanying certificate.[2] This Circuit has held that the

---

[1] Although Plaintiff explicitly moves under § 455(a), the Court is satisfied that the motion can be analyzed by this Court under both § 455(a) and §144. If a recusal motion is made pursuant to § 455, the questioned judge is entitled to rule upon the motion. If the motion is made pursuant to § 144, another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test." In re Kensington Int'l Ltd., 353 F.3d. 211, 224 (3d. Cir. 2003). The Court is satisfied that the supporting affidavit does not meet the "sufficiency test,"and, hence, may be ruled upon by this Court.

[2] The Court is aware of judicial decisions in this Circuit that have questioned the validity of disqualification motions submitted in response to adverse rulings. In re Kensington Int'l Ltd., 368 F.3d 289, 314-315 (3d Cir. 2004) (positing that when a party "is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal [typically] is not timely.") Given such authority, the Court is hesitant to conclude that Plaintiff's disqualification motion is timely. This hesitation, however, is of little significance, as the Court holds that the supporting papers are conclusory and insufficient to convince a reasonable person of the Court's impartiality.

challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976). This Circuit has also held that the allegations in a § 144 affidavit must convince a reasonable person of the Judge's impartiality. United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976).

The Court is not convinced that recusal is appropriate under either 28 U.S.C. § 455(a) or 28 U.S.C. § 144. The Court declines to recuse itself under § 455, as the Court is not convinced that its impartiality has been *reasonably* questioned. Blanche Rd, 57 F.3d at 266 (holding that the correct inquiry is whether the judge's impartiality has been reasonably questioned). The Court is satisfied that a reasonable person would not be convinced of the Court's impartiality after reading the Plaintiff's moving papers. Plaintiff's motion is largely conclusory and devoid of factual allegations that would render recusal appropriate. Liteky v. United States, 510 U.S. 540, 555 (1994). Similarly, removal under 28 U.S.C. § 144 is also not appropriate. 28 U.S.C. § 144 requires an affidavit of *fact* that must convince a reasonable person of the Judge's impartiality. Dansker, 537 F.2d at 53. Here, Plaintiff's affidavit simply concludes that ex parte communication, bribery and favoritism has occurred, without including assertions of fact in support of these conclusions.[3] A conclusory affidavit is not sufficient for recusal. Smith v. Vidonish, 210 Fed. Appx.152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited).

---

[3]Needless to say, none of the asserted improprieties which Plaintiff alleges, in fact, occurred. The Court is satisfied that its legal analyses have been correct and that it has not had any personal conduct or ex parte communications with any of the parties or lawyers in this case  But, of course, this is not the standard on which the Court is required to use, and does use, in ruling on this motion.

Specifically, Plaintiff alleges that this Court has "actual and deep-seated bias," "intentionally aids and abets, via [] secret ex parte collaboration and contribution, acts of outright fraud upon a court in written filings by each defense counsel," and has received "personal incentive [] in exchange for agreeing to deliver a predetermined case outcome." Plaintiff's motion to recuse is full of such conclusory allegations. It is well-established that a court need not credit conclusory allegations or legal conclusions. Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir.1997). The few facts alleged by Plaintiff do not demonstrate that the Court's impartiality has been reasonably questioned. Blanche, 57 F.3d at 266. For example, Plaintiff asserts that "Chesler delivered on his end of the [deal] by dismissing with prejudice two of the three sets of defendants." A party may not make such unwarranted assumptions based on the fact that the party was unsuccessful. Were this not the case, any unsuccessful litigant would be able to disqualify the Judge who rendered the unfavorable ruling. In short, a party's disagreement with a Court's ruling is not a basis for recusal. In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999).

Plaintiff also notes that Defense counsel electronically filed a letter dated April 29, 2009 (docket item #27), whereby counsel requested a stay of pending motions until the Court ruled on the pending motion to dismiss. Plaintiff states that Defendant issued "an ex parte personal letter to judge dated 04/29/09 . . . [and] this letter, which has not been provided to Plaintiff to date, is proof of *contractus criminis*." A request to stay pending motions is an acceptable request, and no indication of any impropriety or unlawful ex parte communications. In re Jarvis, 2006 U.S. App. LEXIS 29006, at *3 (speculative assertions of ex parte communication need not be credited). The recusal

motion also states "Plaintiff's FRCP 4(m) motion was ignored." Plaintiff's argument appears to be that the failure to rule upon said motion is evidence of bribery, favoritism and ex parte communications. In truth, the decision to postpone a ruling is in furtherance of judicial efficiency. The Court knew that its Opinion and Order dated September 9, 2009 would dispose of most, if not all, of Plaintiff's pending motions. As a matter of judicial efficiency, the Court opted to postpone decision on Plaintiff's motion, in light of the September 9, 2009 ruling and in light of the pending motion to dismiss. Justifiable delay in motion ruling is not grounds for recusal. See, e.g., In re Jarvis, 2006 U.S. App. LEXIS 29006, at *3 (3d Cir. 2006) (holding that the Judge's handling of motions is not "extreme enough to support a claim of bias or partiality.").

Plaintiff also asserts, as evidence of collusion and bribery, that the undersigned "literally plagiarized [Defendant's] brief" in drafting the background section of this Court's prior Opinion. The background section of this Court's Opinions are merely to provide context and constitute no part of the Court's analysis, and is not any indication of improper behavior. Plaintiff also alleges that the delay in docketing her motions is evidence of collusion. "See, in particular, #23 (filed on 04/24/09 but not entered into docket until 04/30/09. . . establishes collusion between clerk and judge to prejudice my rights." The delay in docketing pro se motions is commonplace and a function of our judicial systems and, in no way, an indication of improper collusion. Similarly, Plaintiff improperly concludes that the undersigned was colluding with Defendants due to the fact that the undersigned "backdated his order (#47) to 05/20/09." The Court concedes that the text of the Order demonstrates that the Order was signed and executed on 5/20/09, but that the Order was not entered onto the docket until 05/26/09. The time between

execution of an Order and actual filing on the docket is no indication of improper behavior.  In short, Plaintiff has not alleged any facts that would warrant the recusal of the undersigned.  As Plaintiff has not met the requirements of 28 U.S.C. § 455(a) or 28 U.S.C. § 144, it is hereby ordered that Plaintiff's motion for recusal is denied.

III.  Conclusion

      For the aforementioned reasons, Plaintiff's motion to recuse the Court (docket item #65) be and hereby is denied.  An appropriate Order will be filed.

                                 s/ Stanley R. Chesler
                                 Stanley R. Chesler, U.S.D.J.

Dated:  December 17, 2009