NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
ELAINE KARAS,                 :
                              : Hon. Stanley R. Chesler, U.S.D.J.
                              : Civ. A. No. 08-CV-05264
      Plaintiff,              :
                              : OPINION
            v.                :
                              :
SPENCER A. ROBBINS, ESQ.      :
et al.,                       :
                              :
      Defendants.             :
_____:
```

### CHESLER, District Judge

Plaintiff has moved to vacate the Court's Order dated September 9, 2009 (docket item #62). Defendants have opposed this motion (docket item #67). After consideration of the parties' briefing, the Court is satisfied that its Order is proper and, therefore, denies Plaintiff's motion to vacate. In the following discussion, the Court gives its reasons for the decision.

I.   BACKGROUND

Based upon the pleadings and briefs presented by the parties, it appears that this case originated because of a dispute over a lease between Plaintiff, Elaine Karas, and Plaintiff's tenants. This dispute was previously the subject of a lawsuit, originally captioned Pietersen, et al., v. Karas, Docket No. Mon. L-1011-03, filed on February 28, 2003 by the tenants against Plaintiff in the Superior Court of New Jersey, Monmouth County, Law Division. The tenants moved on April 25, 2003 for the entry of default judgment against Plaintiff, which was granted

on May 19, 2003.  Pursuant to a September 29, 2003 hearing, Defendant Judge Gilroy found that Plaintiff had not been properly served by the tenants with a copy of the summons and complaint and he, therefore, vacated the default against Plaintiff and directed her to file a responsive pleading within thirty five days.  Plaintiff subsequently answered the complaint on November 3, 2003.  More than a year later, on October 4, 2006, Plaintiff moved to dismiss the tenants' complaint for failure to provide adequate discovery.  The court scheduled oral argument on the motion to dismiss for October 20, 2006, but the motion date was adjourned when the court was informed that the tenants had not received a copy of Plaintiff's motion to dismiss.  Before the motion to dismiss was heard, Defendant Judge Lawson transferred the case to Judge Peterson of the Superior Court, Ocean County, Law Division based on allegations made by Plaintiff of improper behavior by Defendants Judge Gilroy, Judge Locascio and Judge Lawson.  On January 5th, with Plaintiff absent, Judge Peterson entered an Order denying without prejudice Plaintiff's motion to dismiss.  The Office of Civil Case Processing then scheduled a trial date for March 19, 2007 and noticed all parties of the date.  Based on Plaintiff's failure to appear, Judge Peterson ordered an entry of default against Plaintiff and in favor of the tenants.

On October 22, 2008, Plaintiff filed a Complaint in this Court, alleging that the Defendants conspired to deprive her of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action (docket item #1).  On September 9, 2009, this Court dismissed claims against various Defendants, denied Plaintiff's motion for sanctions and denied Plaintiff's motion for default judgment against another Defendant.  Plaintiff requests that this Order be vacated.

**II. Motions for Reconsideration and Motions to Vacate**

A party seeking reconsideration of an Order must "set[] forth concisely the matters or controlling decisions which counsel believes the Judge . . . has overlooked." Local Civil Rule 7.1. Notably, it is not an opportunity to raise additional arguments, but an opportunity to ask the Court to "re-think what it has already thought through." Yureko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003).

Alternatively, a party may seek relief from a final judgment due to:

> 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence []; 3) fraud (whether heretofore denominated intrinsic or extrinsic); misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied []; or 6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b).

After reviewing the briefings submitted by the parties and the prior Order of this Court, the Court is satisfied that its Opinion and Order dated December 9, 2009 is just and proper. Plaintiff's motion to vacate, or, in the alternative, motion for reconsideration of, this Court's September 9, 2009 Order is denied.[1]

**III. Discussion**

Plaintiff first argues that the Court incorrectly vacated the default of Guaranteed Subpoena, Inc. Plaintiff already argued in her Application for Enforcement of Plaintiff's Due Process Rights (docket item #53) that default was proper. The Court already considered, and rejected, Plaintiff's arguments regarding default. Relief should not be granted merely because a litigant is dissatisfied with the Court's ruling. Yurecko, 279 F. Supp. 2d at 609. As stated in the

---

[1] As an initial matter, the Court is not satisfied that Plaintiff's motion is timely. Construed as a motion for reconsideration, Plaintiff's motion must be filed within ten days of the opposed Order. L.Civ.R.7.1(I). The challenged Order was issued on September 9, 2009, while Plaintiff's motion was submitted on October 19, 2009. The time requirement may be relaxed in order to prevent injustice. The Court, however, sees no injustice necessitating a relaxation of these requirements. Even if the time requirement were relaxed, or the motion was treated as a Rule 60(b) motion, the Court is satisfied that it's Order is entirely correct.

Court's prior Order, the record demonstrates that Guaranteed Subpoena, Inc. was never properly served with the applicable Complaint. Furthermore, as also stated in this Court's prior Order, given the general opposition to the entry of default and default judgments, and the fact that Plaintiff will not endure prejudice, this Court upholds its decision granting the motion to vacate default. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

Plaintiff next contends that counsel for Guaranteed Subpoena has withheld several documents, including the "Ambrogia E-mail." First, even assuming the truth of the assertion,[2] the Court is not convinced that the improper withholding of a document bars the Court from granting a motion to vacate default. Second, Plaintiff already argued in her Application for Enforcement of Plaintiff's Due Process Rights (docket item #53) that Ms. Pallotto improperly withheld the Ambrogia e-mail. The Court has already properly considered, and rejected, this argument.

Plaintiff also asserts that the September 9, 2009 Order should be vacated as the background section is copied from Defendant's motion. The background section, as to which the Plaintiff vehemently disagrees, is merely to provide context and constituted no part of the Court's analysis. Plaintiff also argues that the Court took improper notice of the state court proceedings. A federal court, however, is entitled to take judicial notice of public records, including the outcome of state court proceedings. Furnari v. Warden, Allenwood Federal Correctional Inst., 218 F.3d 250, 255 (3d Cir. 2000); In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir.

---

[2]As stated in Guarantee Subpoena's reply to its motion to dismiss, the Ambrogia e-mail "was not submitted to the Court and does not go to the issues before the Court." Defendant Guarantee Subpoena, Inc.'s Reply To Its Motion to Dismiss at 4 (docket item #64). The failure to produce an irrelevant document does not bar this Court from vacating a default.

1995). Furthermore, Plaintiff is incorrect in stating that this Court has admitted Plaintiff has a valid cause of action. The Court has simply stated that Plaintiff "asserts" or "alleges" various things. The Court has not concluded that Plaintiff's assertions or allegations meet the necessary pleading requirements of Haines v. Kerner, 404 U.S. 519, 520 (1972) or Bell Atl. Corp. v.Twombly, 550 U.S. 544, 570 (2007).

Plaintiff also asserts that the Court misapplied the Rooker-Feldman doctrine in its Order. Plaintiff claims that the state case regarding the lease contract and her current § 1983 action are two different claims, and can not be subject to the Rooker-Feldman doctrine. The Court disagreed with this conclusion in its Order and continues to disagree here. In determining whether the Rooker-Feldman doctrine applies, a court should examine the nature of relief sought. See Valenti v. Mitchell, 962 F.2d 288, 297 (3d Cir. 1992). As stated, Plaintiff requests that the state court lawsuit be declared unconstitutional. (Complaint at 30.) Because "Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders[,]" Plaintiff's claims against the Government Defendants (as defined in the Court's prior Order) are barred and dismissed with prejudice. Desi's Pizza v. City of Wilkes-Barre, 321 F.3d 411, 422 (3d Cir. 2003). Lastly, the Court reiterates that the Government Defendants are immune from suit based on judicial immunity. The allegations, namely holding proof hearings and engaging in ex parte communications, involve acts that are clearly judicial in nature. The Government Defendants are protected from such allegations under the judicial immunity doctrine. Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

Finally, Plaintiff asserts that in rendering its September 9, 2009 Opinion, this Court violated the applicable standards of review. As noted by the Court in its prior Opinion, a pro se complaint should be dismissed where "it appears beyond a reasonable doubt that the plaintiff can

prove no set of facts in support of her claim which would entitle her to relief." <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 189 (3d Cir. 1996).  This was the standard used by this Court in rendering its September 9, 2009 Opinion.

Plaintiff's motion is comprised largely of arguments previously made to, and considered by, this Court.  A party seeking reconsideration of an Order must "set[] forth concisely the matters or controlling decisions which counsel believes the Judge . . . has overlooked."  Local Civil Rule 7.1.  The Court, as explained, duly considered all of Plaintiff's previous arguments. Furthermore, as explained above, any new arguments are not sufficient to vacate this Court's prior Order.  There is no evidence of fraud, mistake or newly discovered evidence that would warrant granting a motion to vacate.  Plaintiff's dissatisfaction with a Court's ruling is not grounds for granting a motion to reconsider, or a motion to vacate.  <u>Yurecko</u>, 279 F. Supp. 2d at 609.

## IV.  Conclusion

After consideration of the parties' briefing, the Court is satisfied that its September 9, 2009 Order is proper.  Plaintiff's motion to reconsider, or motion to vacate (docket item #62), be and hereby is denied.  An appropriate Order will be filed.

      s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: December 21, 2009