NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
ELAINE KARAS,                   :
                                : Hon. Stanley R. Chesler, U.S.D.J.
                                : Civ. A. No. 08-CV-05264
         Plaintiff,             :
                                :  OPINION
              v.                :
                                :
SPENCER A. ROBBINS, ESQ.        :
et al.,                         :
                                :
         Defendants.            :
_____:
```

**CHESLER, District Judge**

This matter comes before the Court on the motion to dismiss filed by Defendants Guaranteed Subpoena, Inc. and Michael Benhayon (docket item #58). Plaintiff has opposed this motion (docket item #62). After consideration of the parties' briefing, the Court has determined that it will grant Defendants' motion. In the following discussion, the Court gives its reasons for the decision.

**I.     BACKGROUND**

Based upon the pleadings and briefs presented by the parties, it appears that this case originated because of a dispute over a lease between Plaintiff, Elaine Karas, and Plaintiff's tenants. This dispute was previously the subject of a lawsuit, originally captioned <u>Pietersen, et al., v. Karas</u>, Docket No. Mon. L-1011-03, filed on February 28, 2003 by the tenants against

Plaintiff in the Superior Court of New Jersey, Monmouth County, Law Division.  The tenants moved on April 25, 2003 for the entry of default judgment against Plaintiff, which was granted on May 19, 2003.  Pursuant to a September 29, 2003 hearing, Defendant Judge Gilroy found that Plaintiff had not been properly served by the tenants with a copy of the summons and complaint and he, therefore, vacated the default against Plaintiff and directed her to file a responsive pleading within thirty five days.  Plaintiff subsequently answered the complaint on November 3, 2003.

More than a year later, on October 4, 2006, Plaintiff moved to dismiss the tenants' complaint for failure to provide adequate discovery.  The court scheduled oral argument on the motion to dismiss for October 20, 2006, but the motion date was adjourned when the court was informed that the tenants had not received a copy of Plaintiff's motion to dismiss.  Before the motion to dismiss was heard, Defendant Judge Lawson transferred the case to Judge Peterson of the Superior Court, Ocean County, Law Division based on allegations made by Plaintiff of improper behavior by Defendants Judge Gilroy, Judge Locascio and Judge Lawson.  On January 5th, with Plaintiff absent, Judge Peterson entered an Order denying without prejudice Plaintiff's motion to dismiss.  The Office of Civil Case Processing then scheduled a trial date for March 19, 2007 and noticed all parties of the date.  Based on Plaintiff's failure to appear, Judge Peterson ordered an entry of default against Plaintiff and in favor of the tenants.

On October 22, 2008, Plaintiff filed a Complaint in this Court, alleging that the Defendants conspired to deprive her of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action. (See Docket Entry No. 1.)  Currently before this Court is the motion to dismiss of Defendant Guaranteed Subpoena, Inc. ("GS") and Michael Benhayon ("Benhayon"), the alleged employee or agent of GS.  Specifically, Plaintiff

alleges that GS and Benhayon executed a fraudulent Affidavit of Service in the original state court action in 2003.

**II.     Standard of Review**

    A.     *Pro Se* Standard of Review

Plaintiff proceeds *pro se* in this action.  It is well settled that a *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Our jurisprudence directs that a *pro se* complaint should be dismissed at this stage of the litigation only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief."  McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines, 404 U.S. at 520).

    B.     Motion to Dismiss Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction.  PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993).  When considering a motion to dismiss for lack of jurisdiction pursuant to 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

    C.     Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff's claims will be reviewed pursuant to "Federal Rule of Civil Procedure 8(a)(2)[, which] requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief[]' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted); see also Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 589 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)). And while a

court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

    D.    Pleading Requirements of Rule 9(b)

Plaintiff asserts claims based on numerous allegations of fraud, which are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged" in order to give them an opportunity to respond meaningfully to the complaint, "and to prevent false or unsubstantiated charges." Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (citing Seville Indust. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)). To satisfy Rule 9(b), a plaintiff must "plead with particularity the 'circumstances' of the alleged fraud." Rolo, 155 F.3d at 658. Plaintiffs need not "plead the 'date, place or time' of the fraud, so long as they use an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Id. (citing Seville, 742 F.2d at 791).

**III.**    **Discussion**

Plaintiff alleges, among others, that Defendants conspired to deprive her of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action in violation of 42 U.S.C. §1983. Plaintiff alleges that Defendants colluded with state actors under color of state law to deprive Plaintiff of her Constitutional rights. Plaintiff requests that all judgments be vacated and an Order against GS and Benyahon is issued mandating

disciplinary action or referral to the proper regulating agencies.  The Court must determine if the allegations are sufficient to state a claim against GS and Benyahon.

Plaintiff's claims against the Defendants are based on the alleged fraudulent affidavit of service of the summons and complaint of the original state court action.  The affidavit of service was attached to an April 22, 2003 attorney certification and indicated that service was effectuated upon Plaintiff on March 12, 2003.  The tenants in the original state court action moved on April 25, 2003 for the entry of default judgment against Plaintiff, which was granted on May 19, 2003.  Pursuant to a September 29, 2003 hearing, however, Judge Gilroy found that Plaintiff had not been properly served by the tenants and he, therefore, vacated the default against Plaintiff and directed her to file a responsive pleading within thirty five days.  The case continued for over four years, until Plaintiff Elaine Karas suffered a judgment in May of 2007.[1]

Plaintiff alleges that the original tenants "paid a bribe to Process Serving entity(s) and bribe(s) to public servants. . . to entice tem to act illegally under color of State law."  Plaintiff alleges that the service affidavit was fraudulent as she was able to definitively prove in a hearing before the state court judge that she could not have been served.  Specifically, Plaintiff alleges that the affidavit of service "could have only been provided fraudulently . . . as [she] was not served and [she] was able to definitively prove in 9/29/03 hearing at 6 PM on the alleged date of Service, [she] was in a bath tub on a long distance phone call at a different address than the one cited on the Service Affidavit."  Plaintiff concludes that such facts are evidence of "a conspiracy among Guarantee Subpoena/Michael Benhayon-Robbins-Rothman-Pietersens-Gilroy."

---

[1] Plaintiff asserts that this Court is not entitled to consider the prior state court actions on a motion to dismiss.  The Court, however, is permitted to take judicial notice of the state court proceeding.  See, e.g, Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Regardless of the sufficiency of the affidavit, the Complaint, however, does not sufficiently allege a cause of action under § 1983 as there are no well-pleaded allegations that GS or Benyahon acted in concert with state actors.  Soldal v. Cook County, 506 U.S. 56, 60 (U.S. 1992) (holding that a § 1983 claim can only be brought against state actors or defendants who have conspired with state actors).

Here, Defendants are not state actors and there are not sufficient allegations that these Defendants conspired with state actors.  In fact, given that the state court Judge ruled in favor of Plaintiff, by vacating the default judgment, it appears that the Judge was not acting in concert with GS or Benyahon.  In essence, Plaintiff's allegations are merely conclusory and insufficient to meet the requirements of Twombly and Iqbal.  Twombly, 550 U.S. at 555 ("entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Plaintiff alleges that the affidavit of service was fraudulent and then concludes that this must be due to the fact that GS and Benyahon were acting in concert with state actors.  In short, there are no well-pleaded facts that GS and Benahyon engaged in any conspiracy, especially given the fact that the state court Judge vacated the initial default against Plaintiff.  Even considering the fact that Plaintiff is pro se, as the Court is required to do, Plaintiff's Complaint, as alleged, contains "no set of facts in support of her claim which would entitle her to relief."  McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines, 404 U.S. at 520).  The § 1983 claims against GS and Benyahon are dismissed as there is no demonstration that GS and Benyahon conspired to deprive Plaintiff of her civil rights and her rights to the fair adjudication of her claims and defenses in the underlying state court action.

Similarly, the Court is satisfied that no other federal claims have been adequately alleged

against these Defendants. Although Plaintiff has not alleged which causes of action are asserted against which Defendants, the Court, as it is so required, will read the Complaint in the light most favorable to the pro se Plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff has not stated a cause of action under 42 USC § 1981 for the denial of the right to enforce contracts due to gender. The Third Circuit has stated that "[b]ecause [42 U.S.C. 1981], on its face, is limited to issues of racial discrimination in the making and enforcing of contracts, courts have concluded that sex-based claims are not cognizable under 42 U.S.C. 1981." Anjelino v. New York Times Co., 200 F.3d 73, 98 (3rd Cir. 1999); see also, Milner v. National School of Health Technology, 409 F. Supp. 1389, 1395 (E.D.Pa. 1976). Furthermore, even if gender-based claims are cognizable under 42 U.S.C. § 1981, Plaintiff's Complaint does not sufficiently allege that the alleged actions of Defendants were due to Plaintiff's gender. See, e.g., Rossi v. New Jersey, 39 Fed. Appx. 706, 709 (3d Cir. 2002) (upholding dismissal of a 42 U.S.C. § 1981 claim as the complaint did not demonstrate that gender was ever a consideration in Defendant's decisions).

Plaintiff's causes of action under 42 U.S.C. § 1985 and § 1986, conspiracy to obstruct justice and deprive a person of rights, are also dismissed for failure to plead a conspiracy. El-Hewie v. Bergen County, 2009 U.S. App. LEXIS 29689, *12 (3rd Cir. 2009) (holding that a conspiracy is an essential element of a §1985 claim). Similarly, a §1986 claim cannot succeed without a conspiracy and unless predicated on a valid §1985 claim. El-Hewie, 2009 U.S. App. LEXIS 29689 at *13. All claims based on 42 U.S.C. § 1985 and 1986 are hereby dismissed. Similarly, any causes of action based on 18 U.S.C. § 1961 are dismissed for, among other reasons, failure to plead the requisite conspiracy. Although unclear from the Complaint, it appears that any racketeering violation on behalf of these Defendants would be based on the alleged conspiracy. Therefore, as discussed below, conspiracy and predicate acts of racketeering,

have not be sufficiently alleged. The Court will dismiss any claims based on 18 U.S.C. § 1961. <u>Emcore Corp. v. PricewaterhouseCoopers LLP</u>, 102 F. Supp. 2d 237, 264-65 (D.N.J. 2000) (requiring well-pleaded allegations of predicate offense to uphold RICO violations).

To assert a valid claim under RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and an injury to property or business resulting from the offensive conduct. <u>Sedima S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985); <u>Bonavita Elec. Contr., Inc. V. Boro Developers, Inc.</u>, 87 F. App'x 227, 231 (3d Cir. 2003). The statute defines racketeering by a list of criminal activities that constitute predicate acts for the purposes of RICO. Among the predicate acts listed are bribery of federal officials and mail fraud, the acts which Plaintiff has alleged in the case at bar. <u>See</u> 18 U.S.C. § 1961(a). As Plaintiff has failed to adequately allege a violation of any of the specified statutes, the allegation of 18 U.S.C. § 1961 is patently insufficient.

Plaintiff alleges that Defendants violated 18 U.S.C. § 201, bribery of federal officials. <u>McCormick v. United States</u>, 500 U.S. 257, 279 (U.S. 1991) (noting that 18 U.S.C. § 201 criminalizes "bribery of and by *federal* officials.") (emphasis added); <u>Rose v. Bartle</u>, 871 F.2d 331, 359 (3d Cir. 1989) (noting that "18 U.S.C. § 201 is concerned with bribery of federal officials.") There are no allegations that these Defendants bribed any federal officials. Plaintiff alleges that "[e]ach conspiracy sequence was . . . between different private entities and *State* officials acting under color of State law." (emphasis added) (Complaint at 10). Plaintiff merely concludes, without alleging sufficient facts, that these Defendants were part of a conspiracy with *state* officials. Plaintiff has also failed to assert a cause of action against these Defendants for mail fraud. 18 USC § 1341 states "having devised or intending to devise any scheme or artifice to defraud," one uses the mail "for the purpose of executing such scheme or artifice or attempting

so to do." The gravamen of this offense is the scheme to defraud. Schmuck v. United States, 489 U.S. 705, 712 (1989). As discussed, Plaintiff has not sufficiently alleged that these Defendants engaged in any scheme or conspiracy to defraud. Additionally, there are no allegations that these Defendants utilized the mails in furtherance of such a scheme. As Plaintiff has failed to adequately allege a violation of any of the specified statutes, claims brought pursuant to 18 U.S.C. § 1961 are dismissed.[2]

Although the Court is satisfied that the Complaint does not adequately allege any federal causes of action against these Defendants, the Complaint may adequately allege various state law claims. The Court, however, will not rule on the viability of any state law claims, as this Court does not have jurisdiction over those claims. As the Court has disposed of all claims against all other Defendants and all federal claims against GS and Benhayon, the Court must determine if it should exercise supplemental jurisdiction over any remaining state law claims. There are not any circumstances present which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). Pursuant to Federal Rule of Civil Procedure 12(h)(3), the remaining state law claims in the Complaint will be dismissed for lack of subject matter jurisdiction.

---

[2] Defendants also argue that their actions are protected under the litigation privilege and that these claims are barred by the Rooker-Feldman doctrine, the statute of limitations, and the doctrines of res judicata and collateral estoppel. The Court will not address these arguments, as the claims are hereby dismissed under Twombly and Iqbal. Notwithstanding, the Court notes that the Rooker-Feldman doctrine is that lower courts do not have jurisdiction to review state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). To the extent that Plaintiff alleges that the state court judgment should be overturned due to the allegedly fraudulent service, Rooker-Feldman does bar the cause of action. However, to the extent Plaintiff is asserting causes of action against these Defendants that were not the subject of a state court judgment, Rooker-Feldman does not bar such causes of action.

**IV.    CONCLUSION**

Plaintiff's claims against Defendant Guaranteed Subpoena, Inc. and Michael Benhayon fail to state a claim upon which relief may be granted.  The claims against these Defendants will accordingly be dismissed without prejudice.  Plaintiff may file an amended Complaint within 20 days of this Opinion.  An appropriate Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: December 28, 2009